UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Smith International, Inc., § § Plaintiff, § VS. § The Egle Group, L.L.C., § Don M. Egle, § and § Daniel Rees, as Trustee of the Egle Trust § for Michelle A. Egle, the Egle Trust for § John M. Egle, Jr., and the Egle Trust for § Lauren E. Egle, § § Defendants. § | CIVIL ACTION NO. H-04-4151 |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant Daniel A. Rees's motion to quash service of process and to dismiss Plaintiff Smith International, Inc.'s ("Smith") Second Amended Complaint or, alternatively, to transfer to proper or more convenient venue. After considering the parties' filings and the applicable law, the Court finds that the motion, Docket No. 83, should be and hereby is **GRANTED IN PART** and that Smith's Second Amended Complaint should be and hereby is **DISMISSED WITHOUT PREJUDICE TO REFILING** for failure to establish personal jurisdiction.

**I.      MINIMUM CONTACTS**

Rees contends that this Court lacks personal jurisdiction because there is no evidence that Rees himself has the requisite minimum contacts with the state of Texas. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Smith has, however, sued Rees not in his individual capacity but as the trustee for the defendant trusts. Therefore, jurisdiction over Rees can be established by demonstrating jurisdiction over the trusts.

Smith has shown that Rees's predecessor trustee, Defendant Don M. Egle, acted on behalf of the trusts in entering into the contract from which this suit arises. Smith alleges, and the evidence demonstrates, that the parties contemplated that the contract would be performed at least partially in Texas. In a contract action, "it is the place of performance rather than execution, consummation or delivery which should govern the determination of jurisdiction." *Barnstone v. Congregation Am Echad*, 574 F.2d 286, 288 (5th Cir. 1978). Therefore, because Smith has established that Texas was a place of performance under the contract, jurisdiction in this Court is proper.

II.     **SERVICE OF PROCESS**

Rees also challenges personal jurisdiction on the ground of improper service of process. Smith attempted to effect service under the Texas long-arm statute, which permits a plaintiff to serve a nonresident defendant who does not maintain a place of business in Texas by serving the Texas Secretary of State. *See* TEX. CIV. PRAC. & REM. CODE § 17.044(b) (Vernon 1985); *see also* FED. R. CIV. P. 4(e)(1) (authorizing service "pursuant to the law of the state in which the district court is located"). A plaintiff who seeks to establish proper service pursuant to § 17.044(b) must "affirmatively show a strict compliance with the provided mode of service." *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex. 1965).

Smith has failed to allege in its Complaint that, as required by § 17.044(b), Defendants do not maintain a regular place of business in Texas or a designated agent upon whom service may be made. Smith has thus failed to establish jurisdiction in this Court. *See S. Mill Mushrooms Sales v. Weenick*, 851 S.W.2d 346, 350 (Tex. App.—Dallas 1993, writ denied); *Onnela v. Medina*, 785 S.W.2d 423, 425 (Tex. App.—Corpus

Christi 1990, no pet.).  For this reason, Smith's Complaint is hereby **DISMISSED WITHOUT PREJUDICE TO REFILING**.[1]

    **IT IS SO ORDERED**.

    **SIGNED** at Houston, Texas, on this the 10th day of November, 2005.

    KEITH P. ELLISON
    UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**

---

[1] The Court is fully sensitive to the technical nature of this jurisdictional issue and to the fact that requiring Smith to refile its Complaint will achieve little, aside from the needless consumption of time and resources. Nonetheless, neither this Court nor any other has the authority to rewrite or attenuate unambiguous statutory requirements.