UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Smith International, Inc., | § | |
| | § | |
|   Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-04-4151 |
| | § | |
| The Egle Group, L.L.C., | § | |
| Don M. Egle, | § | |
| and | § | |
| Daniel Rees, as Trustee of the Egle Trust | § | |
| for Michelle A. Egle, the Egle Trust for | § | |
| John M. Egle, Jr., and the Egle Trust for | § | |
| Lauren E. Egle, | § | |
| | § | |
|   Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court are Defendants' motions to strike the following exhibits

to Plaintiff's motion for summary judgment:

Exhibit A: Purchase Agreement, dated April 16, 1997
Exhibit B: Consent
Exhibit C: Assignment and Assumption of Company Interest in Tri-Tech
    Fishing Services, L.L.C.
Exhibit D: Section 8.1(c) Certificate
Exhibit E: Promissory Note, dated April 16, 1997
Exhibit E-1: Agreement Relating to the Disbursement of Proceeds of the Sale
    by Egle Group, L.L.C. and Tri-State Technologies, L.L.C. to Smith
    International, Inc.
Exhibit E-2: Authorization to Escrow Agent, January 10, 1998
Exhibit F: Affidavit of Richard Werner
Exhibit G: Louisiana Lawsuit
Exhibit H: Judgment
Exhibit I: Don Egle Deposition Excerpts

Defendants argue that Exhibits A through D, E, E-1, E-1, and G through I are not

properly authenticated pursuant to the Federal Rules of Civil Procedure and that Exhibit

F should be stricken because it is contradicted by deposition testimony.  It is true that

documents offered in support of a motion for summary judgment must ordinarily be authenticated by an attached affidavit.  *See Eguia v. Tompkins*, 756 F.2d 1130, 1136 (5th Cir. 1985); FED. R. CIV. P. 56(e).  The Fifth Circuit has held, however, that a district court does not abuse its discretion by finding that a document without an attached affidavit is nonetheless properly authenticated where:

> (1) [The opposing party] produced the document in response to a discovery request, (2) the document bore [the opposing party's] signature, (3) [the opposing party] did not claim that the document is not authentic or that her signature is a forgery, and (4) [the opposing party] acknowledged . . . that [she had taken the action memorialized in the document].

*R.R. Mgmt. Co. v. CFS Louisiana Midstream Co.*, 428 F.3d 214, 220 (5th Cir. 2005).

Here, Defendants do not contend that the challenged documents are not authentic. Indeed, at each hearing held in this case thus far, both parties have referred to precisely these documents.  Many of the documents bear Defendants' signatures.  And Defendants do not dispute that the sale agreement and related documents were executed by the parties, that the Louisiana lawsuit took place as described in the court documents, or that the Don Egle deposition transcript is not a true and accurate copy.  The Court therefore holds that Exhibits A through D, E, E-1, E-2, and G through I are properly authenticated and should not be stricken.

Defendants also argue that Exhibit F, the Werner affidavit, should be stricken because it is contradicted by Mr. Werner's deposition testimony.  The Court finds that, while contradictions between the two documents may lessen the probative value of Mr. Werner's deposition testimony, they do not mandate that it be stricken altogether. Therefore, Defendants' motions to strike, Docket Nos. 125 and 126, are **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 21st day of December, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**