UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SMITH INTERNATIONAL, INC., | § |
| | § |
| Plaintiff, | § |
| VS. | § |
| | § |
| THE EGLE GROUP, L.L.C., | § |
| DON M. EGLE, | § |
| and | § |
| DANIEL REES, as Trustee of | § CIVIL ACTION NO. H-04-4151 |
| THE EGLE TRUST FOR MICHELE A. | § |
| GOETHE EGLE, | § |
| THE EGLE TRUST FOR JOHN M. | § |
| EGLE, JR., | § |
| and | § |
| THE EGLE TRUST FOR LAUREN E. | § |
| EGLE, | § |
| | § |
| Defendants. | § |

## MEMORANDUM AND ORDER

Pending before the Court are the parties' cross-motions for summary judgment. Plaintiff alleges that Defendants are liable for breach of contract, indemnity, and negligent misrepresentation arising from the sale of Tri-Tech Fishing Services, L.L.C. ("Tri-Tech") to Plaintiff. Defendants argue that they are not liable under the contract. After considering the parties' filings and oral arguments and the applicable law, the Court finds that Smith's claims either are barred by the doctrine of *res judicata* or are unrelated to the contract upon which this suit is based. All of Smith's claims are, therefore, **DISMISSED WITH PREJUDICE**.

I.      **BACKGROUND**

In April 1997, Defendant The Egle Group, L.L.C. (the "Egle Group")[1] and Tri-State Technologies, L.L.C. ("Tri-State") sold their respective 50% interests in Tri-Tech Fishing Services, L.L.C. ("Tri-Tech") to Plaintiff Smith International, Inc. ("Smith"). The purchase agreement identified the Egle Group and Tri-State as the only members, and thus the only "Sellers," of Tri-Tech. (*See* Pl.'s Mem. in Support of Mot. for Summ. J., Ex. A (Purchase Agreement), at 1, 7 ¶ 4.11(a).)  Smith was identified as the sole "Purchaser." (*See id.*, Ex. A, at 1.)  The purchase agreement was signed, on behalf of the Egle Group, by Don Egle, as trustee for the Egle Trusts; by Glenn Dauterive; and by Ray Daugherty.

The purchase agreement included an averment that the Sellers were able to convey their interests free of any claims or liens; a provision requiring the Sellers to execute various documents, including a certificate signed by the Sellers' shareholders and attesting to the accuracy of the representations contained in the agreement, as conditions precedent to the closing of the sale; and an indemnification clause, in which the Sellers agreed, *inter alia*, to reimburse Smith for damages arising from the Sellers' violation of the agreement or any misrepresentations included therein. (*See id.*, Ex. A, at 4-5 ¶¶ 4.1-4.3, 19 ¶8.1(c), 22-23 ¶ 11.1.)  After the execution of the sale agreement, the Sellers delivered the certificate required by ¶ 8.1(c) of the agreement (the "8.1(c) certificate"). The certificate was signed by Don Egle (as trustee for the Egle Trusts), by Dauterive, and by Daugherty, as members of the Egle Group. (*See id.*, Ex. D (8.1(c) certificate), at 1.)

---

[1] The Egle Group is a limited liability company organized under Louisiana state law. As such, it has "the power provided for a corporation organized under [Louisiana's] Business Corporation Law and a partnership under the [Louisiana] Civil Code, as set forth in LA. REV. STAT. ANN. § 12:1301 *et seq.*" *Northeast Realty, L.L.C. v. Misty Bayou, L.L.C.*, No. 40,573-CA, 2006 WL 167954, *2 (La. App. 2 Cir. Jan. 25, 2006). Shareholders in a Louisiana limited liability company are known as members. *See id.*

In March 2000, Rose Dove Egle and Michelle A. Egle, on behalf of the beneficiaries of the Egle Trusts, filed suit in Louisiana state court (the "Louisiana lawsuit") against, *inter alia*, Smith. (*See id.*, Ex. G (Complaint), at 33.) The Louisiana lawsuit alleged that Smith was liable, as the successor in interest to Tri-Tech, for the wrongful disbursement to Dauterive and Daugherty of part of the proceeds from the sale of Tri-Tech. (*See id.*, Ex. G.) The plaintiffs in the Louisiana lawsuit claimed that Dauterive's and Daugherty's interests in the Egle Group had been wrongfully and fraudulently conveyed away from the Egle Trusts and, therefore, that Dauterive and Daugherty should not have received any portion of the purchase price that Smith paid to acquire Tri-Tech. (*See id.*) At the conclusion of the lawsuit, the Louisiana court granted judgment in favor of the plaintiffs and ordered Smith to pay damages in the amount of $3,468,919.29, plus interest and costs. Smith has appealed that judgment, and the appeal is currently pending before a Louisiana appellate court.

In October 2004, Smith filed the instant suit, alleging breach of contract, indemnity, and negligent misrepresentation by all Defendants. Smith seeks compensation and indemnification for the Louisiana judgment and award. All parties now move for summary judgment.

## II.     SUMMARY JUDGMENT STANDARD

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. *See* FED. R. CIV. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir.), *cert. denied*, 534 U.S. 892 (2001) (internal quotation marks and citation omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could enter a verdict for the non-moving party." *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id*.

### III. THE EGLE GROUPS' AND THE EGLE TRUSTS' MOTIONS FOR SUMMARY JUDGMENT

#### A. *Res Judicata*

Defendant Rees, on behalf of the Egle Trusts, first argues that all of Smith's claims are barred as *res judicata*, because Smith failed to raise them, as it was required to do, in the Louisiana lawsuit. Smith contends that it was not required to raise the claims in state court, because the claims did not ripen until a final judgment was rendered in the Louisiana lawsuit.

Under Louisiana law,[2] a final judgment in favor of a plaintiff extinguishes all then-existing causes of action arising from the transaction or occurrence from which the litigation arose. LA. REV. STAT. ANN. § 13:4231(1) (as amended 1991). Moreover, a defendant in a Louisiana action must assert, in a reconventional demand, "*all* causes of action that he may have against the plaintiff that arise out of the transaction or occurrence that is the subject matter of the principal action." LA. CODE CIV. PROC. ANN. art. 1061(B) (as amended 1991) (emphasis added). Smith argues, however, that (1) its claims do not

---

[2] The parties agree that Louisiana law governs the question of *res judicata*. *See Jones v. Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996) ("When a federal court is asked to give *res judicata* effect to a state court judgment, the federal court must determine the preclusiveness of that state court judgment under the *res judicata* principles of the state from which the judgment originates.").

constitute reconventional demands, because they did not ripen until the final judgment was issued in the Louisiana lawsuit; and (2) its claims do not arise from the same transaction or occurrence that gave rise to the Louisiana lawsuit.

Smith's first contention is erroneous. As Smith itself has argued to this Court, the purchase agreement provides that a legal claim – not a judgment – constitutes a lien. (*See* Pl.'s Mem. in Support of Mot. for Summ. J., Ex. A (Purchase Agreement), at 25 ¶ 12.1 ("'Lien' means any . . . claim . . . .").) Smith's breach of contract, indemnity, and negligent misrepresentation claims arose, therefore, the moment a claim was filed against Smith on the basis of the sale of Tri-Tech. Smith was required, then, to assert as reconventional demands any and all of its claims that arise from the same transaction or occurrence that gave rise to the Louisiana lawsuit.

Smith's second contention, that its claims in the instant suit do not arise from that same transaction or occurrence as did the plaintiffs' claims in the Louisiana lawsuit, is troubling in light of the fact that Smith's entire case in this Court is founded upon its assertion that the Louisiana judgment constitutes a lien against Smith's ownership interest in Tri-Tech – that is, that the Louisiana lawsuit was a "claim" against that interest, in contravention of Defendants' representations in the purchase agreement. In its response to Defendants' motions for summary judgment, however, Smith states that the issue in the Louisiana lawsuit was "the validity of the 1994 transactions by which the Egle Trusts . . . transferred certain interests in the Egle Group to Messrs. Dauterive and Daugherty." (Pl.'s Resp. to Defs.' Mots. for Summ. J. at 4.) "On the other hand," the response continues, "Smith's claims [in the instant case] are based on the subsequent sale of Tri-Tech Fishing Services, L.L.C. ('Tri-Tech') to Smith and the misrepresentations

made by Defendants in the Purchase Agreement and ancillary documents related thereto." (*Id.*)

Smith is, in other words, attempting to take simultaneous but directly contradictory legal positions, by arguing both (1) that the Louisiana lawsuit constituted a challenge to Smith's ownership of Tri-Tech and – in the same breath – (2) that Smith was not required to raise in the Louisiana court its claims arising from that challenge. This it cannot do. Either the Louisiana plaintiffs' claims constituted liens for the purposes of the purchase agreement, in which case Smith was required to raise its claims as reconventional demands, or the Louisiana claims were unrelated to the sale transaction, in which case they cannot constitute liens against that transaction in this suit. In either event, Smith's claims cannot proceed.

The Court does not reach this conclusion without misgivings. The harm that was complained of in the Louisiana lawsuit was clearly not perpetrated by Smith; indeed, it occurred long before Smith had any involvement with any of the pertinent actors. The issue that was before the Louisiana court is not, however, before this Court, and the issue that *is* before this Court admits of no other answer than that which has now been given. Accordingly, summary judgment is **GRANTED** in favor of Defendants, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 27th day of January, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**