UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SMITH INTERNATIONAL, INC. | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:04-cv-4151 |
| | § | |
| THE EGLE GROUP, L.L.C., DON M. | § | |
| EGLE, AND DANIEL REES, AS | § | |
| TRUSTEE OF THE EGLE TRUST FOR | § | |
| MICHELLE A. EGLE, THE EGLE | § | |
| TRUST FOR JOHN M. EGLE, JR., AND | § | |
| THE EGLE TRUST FOR LAUREN E. | § | |
| EGLE | § | |
| **Defendants.** | § | |

## MEMORANDUM AND ORDER

Plaintiff and Defendants have filed competing motions for summary judgment. After review of the respective motions, the briefs in support, the oral arguments made in the hearing on summary judgment, and the post-hearing submissions, the Court concludes it must deny Plaintiff's motion and grant Defendants'. In doing so, the Court is fully aware that the result works a significant hardship on Plaintiff, and is, in all likelihood, not consistent with the agreement that the parties intended to enter. The result is, however, mandated by the agreement that the parties *did* enter, whatever their subjective intent.

## I. BACKGROUND

The antecedents of this litigation can be traced back for more than a decade. Enough has been written about the case, however, that there is no need for further repetition. Instead, reference is made to the Court of Appeals' opinion of June 22, 2007 (the "Opinion"), and this

Court's Memorandum and Order of January 27, 2006 (Dkt. No. 150).  Terms used herein that are not otherwise defined have the same meaning as in the Opinion.

Plaintiff Smith, in its motion for summary judgment, seeks its attorneys fees and costs incurred in the state court litigation in Louisiana (the "Louisiana Lawsuit"), the related litigation in the Western District of Louisiana, and in this case.  Smith does not request any monies as a result of the trial court judgment in the Louisiana Lawsuit.  That judgment was reversed and decision rendered for Smith and others by the Third Circuit Court of Appeal of Louisiana a few days after the Opinion was entered.  The Louisiana Supreme Court declined review, and all parties agree that the Louisiana Lawsuit has been dispositively concluded, and that Smith has been found and held to be without liability to anyone.  Nonetheless, Smith's attorneys fees and costs are substantial and for them it seeks recovery pursuant to the provisions of Article 11.1(b) of the Agreement.  In oral argument, Smith's counsel forthrightly acknowledged that Smith was not relying on any other part of Article XI in seeking recovery.

In their motion for summary judgment, Defendants argue, among other things, that under the clear language of Article 11.1(b), Smith does not qualify for any recovery. Article 11.1(b), Defendants state, provides Smith with a right of indemnification for "Damages . . . . resulting from or arising out of . . . . (b) any misrepresentation, breach of warranty or breach or nonfulfillment of any covenants of Sellers in this Agreement, including the Schedules and Exhibits thereto . . . ."  The outcome of the Louisiana Lawsuit, Defendants maintain, demonstrates that there has been none of the kinds of wrongdoing described in Article 11.1. Smith correctly points out that the term "Damages" in the Agreement is defined very broadly, so as to cover "claims (whether or not such claims are ultimately defeated), damages, losses, Liens, costs and expenses . . . ."  To this, Defendants respond that, in order to qualify for

indemnification for its "Damages" – no matter how broadly defined – Smith must first satisfy Article 11.1(b) by showing "misrepresentation, breach of warranty or breach or nonfulfillment of any covenants of Sellers in this Agreement . . . ."

## II.   ANALYSIS

### A.  The Agreement, and the Agreement Parties May Have Intended to Enter

The Court fears that the Agreement was not drafted in accord with the parties' business intentions.  The standard agreement that is entered when purchasers acquire significant real or personal property from sellers provides, among other things, that the purchasers have the right to indemnification from sellers as to  attorneys fees and costs incurred in defending against previously undisclosed claims (whether meritorious or not)  that are subsequently made against the purchased property.  This is generally thought to be a reasonable allocation of risk, since the sellers would almost always be in a better position to know about the possibility of unasserted interests that may lead to future claims.

The parties may have discussed such an indemnification provision and decided, after a process of negotiation, not to include such in the Agreement.  Perhaps Sellers were not willing to include such a provision unless the purchase price was increased substantially.   Perhaps, although less likely, Smith had done sufficient due diligence that it did not believe such a provision was necessary for its protection.  In any event, the Agreement that was entered – which is the only one that the parties have furnished the Court and the only one that can provide a basis for the Court's decision – does not include a provision that affords Smith indemnification from all claims, even those that are ultimately defeated.

**B.**     **Additional Documentation**

Smith does point out that, in Article IV of the Agreement, the Sellers represented and warranted that they were authorized to engage in the subject transaction, owned the interests that were being sold, and were making the sale to Smith free and clear of all liens, restrictions, and claims.  There are, however, two problems in Smith's reliance on this language.  First, although Sellers did make these warranties and representations, there is no language in the Agreement that provides Smith with indemnification or other rights simply because a third party should later assert a lien, restriction, or claim that is inconsistent with those warranties and representations. Secondly, Sellers would no doubt be willing to affirm today the warranties and representations that were made, and would further assert that the full authority of the Louisiana judicial system can now be invoked to show that the claims that were made were non-meritorious.

Smith additionally notes that the Sellers also executed an Assignment and Assumption of Company Interest in Tri-Tech Fishing Services, L.L.C., and a certificate pursuant to Article 8.1 of the Agreement.  Neither of those documents, however, expands the indemnification coverage set forth in Article 11.1(b) of the Agreement.  In the Assignment and Assumption, the Sellers' indemnification of Smith is expressly "pursuant to the provisions of Article XI of the Purchase Agreement."  The document also provides that, "If the provisions of this Assignment and the provisions of the Purchase Agreement conflict, the provisions of the Purchase Agreement shall govern."   In the certificate, Sellers certified that, "To the best of our knowledge, each representation and warranty of Sellers contained in that certain Purchase Agreement . . . is true and correct."  The Court is unable to construe either document as providing indemnification of Smith for the unsuccessful claims advanced in the Louisiana Lawsuit.

### III.    OTHER ISSUES

In their writings and at oral argument, counsel for the other parties discussed other issues such as the reasonableness of the fees for which Smith is seeking indemnification, and whether Defendants Egle Trusts are subject to the terms of Article XI of the Agreement since they are not listed as "Sellers."  In view of the conclusions set forth in Section II of this Agreement, those issues need not be addressed.

### IV.    CONCLUSION

Smith's motion for summary judgment is **DENIED.**  Defendants' motion for summary judgment is **GRANTED.**  The case is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

**SIGNED** this 19th day of May, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT